# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RALPH J. GOMEZ,

Plaintiff,

v.

WOODFORD, et. al.,

Defendants.

/

CV F 04-6687 OWW LJO P

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (Doc. 1 )

ORDER DIRECTING CLERK OF COURT TO SEND PLAINTIFF BLANK CIVIL RIGHTS FORM

Plaintiff Ralph J. Gomez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on December 2004, naming Director of Corrections, Jeanne S. Woodford, Warden, Lea Ann Chrones, Chief Deputy Warden, Brad Espinosa and Captain K. Holland as Defendants.

**A. SCREENING STANDARD**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

Plaintiff alleges that on May 1, 2004, he was escorted to "contraband watch" because it was believed that he had digested an illegal controlled substance. Plaintiff states he was stripped down to his boxer shorts, both legs were taped together at his thighs and waist, he was chained at the wrist and ankles and was placed in a cell with only a bare mattress and nothing else. Plaintiff states the cell smelled of urine and feces and had human excrement smeared on the walls, floors and mattress. Plaintiff states that he was denied blankets, toothbrush, toilet, shower, and exercise and that the conditions were unsanitary. When Plaintiff had to defecate or urinate, the cell door would be opened and his hand restraints and/or tape would be removed. Plaintiff was watched by two guards while he was provided with a cannister lined with plastic in which to defecate. Plaintiff was then allowed to wipe and deposit the used tissue into the cannister and then was re-cuffed. Plaintiff's hand restraints were removed when he was allowed to eat or drink water. Plaintiff states that this process continued until after Plaintiff had three bowel movements - May 3, 2004. Plaintiff alleges that he suffered pain from the discomfort of being restrained and felt degraded and embarrassed at the fact that a female officer had to examine his feces. Plaintiff complains that he should have been x-rayed instead and that he made such a request but it was denied.

Plaintiff also complains that he sent mail to the Inspector General but was returned as being "refused" and that his legal mail had been opened before it was issued to him. Plaintiff also states he had a disciplinary hearing in which he was denied witnesses but was found guilty and lost good-time credits. Plaintiff is seeking injunctive and monetary relief.

**C. CLAIMS FOR RELIEF**

***1. Linkage Requirement***

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, the plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

***2. Eighth Amendment - Contraband Watch***

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain····" Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir.1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with

"deliberate indifference to a substantial risk of serious harm ." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.1998). The Ninth Circuit has recognized that prisoners retain a limited right to bodily privacy grounded in the Fourth Amendment. Michenfelder v. Sumner, 860 F.2d 328, 333 (9th Cir.1988). However, limitations on the exercise of a prisoner's constitutional rights arise both from the fact of incarceration and from valid penological objectives. Id. at 331 (*citing* O'Lone v. Estate of Shabazz, 482 U.S. 342 (1987)). Although prison officials may conduct reasonable body searches of prisoners, the Eighth Amendment protects inmates from repetitive and harassing searches. Hudson v. Palmer, 468 U.S. 517, 530 (1984). There is no rule prohibiting prison officials from conducting body cavity searches such as those alleged in the Complaint.

Here, Plaintiff alleges that he was confined in a cell on "contraband watch" for a period of 2-3 days but was released after having had three bowel movements. Plaintiff states further that he was there because it was suspected he may have ingested illegal contraband. Plaintiff has not alleged sufficient facts giving rise to an Eighth Amendment violations as he does not allege facts indicating that the searches were excessive or repetitive.

The Court notes further that even had Plaintiff alleged sufficient facts, he does not link any of the named Defendants to an act or omission giving rise to the alleged violation. Accordingly, Plaintiff fails to state a cognizable claim under the Eighth Amendment.

***3. Legal Mail***

The mere fact that prison officials open and conduct a visual inspection of a prisoner's legal correspondence does not state a claim for violation of a prisoner's constitutional rights. See Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974); Mitchell v. Dupnick, 75 F.3d 517, 523 (9th Cir. 1996). Prison officials may, consistent with the First Amendment, open mail from attorneys in the presence of the prisoner for visual inspection. See Wolff v. McDonnell, 418 U.S. 539, 576-7 (1974); Sherman v. MacDougall, 656 F.2d 527, 528 (9th Cir. 1981)."Mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996). "All correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files." Id. at 1094 (*citing* to Martin v.

Brewer, 830 F.2d 76, 78 (7th Cir. 1987)).

Here, Plaintiff again fails to allege sufficient facts giving rise to a constitutional claim. Plaintiff states only that some legal mail appeared to have been opened, however there is insufficient factual information as to the nature of the mail allegedly opened. Plaintiff states only that it was "legal" and does not link any named Defendant to the act giving rise to his claim. Thus, the allegations are insufficient to give rise to a constitutional violation.

***4. Supervisory Liability***

Supervisory personnel are generally not liable under Section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). To state a claim for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory Defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts indicating that Defendants, all who appear to be in supervisorial positions, personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. Accordingly, the Complaint does not state a cognizable claim for relief under a theory of supervisory liability.

***5. Equal Protection***

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with intentional discrimination against plaintiff or against a class of inmates which included plaintiff. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).

In this case, Plaintiff again does not allege facts giving rise to an equal protection claim nor does he link any named Defendant to an act or omission constituting a violation of equal protection. Accordingly, the Complaint fails to state a claim for relief.

**D. CONCLUSION**

The Court finds that Plaintiff's complaint does not contain any claims upon which relief can be granted under § 1983 against any of the Defendants. The Court will provide Plaintiff with time to file an Amended Complaint curing the deficiencies identified above should he wish to do so.

Plaintiff must demonstrate in the Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights. See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The Amended Complaint must specifically state how each Defendant is involved. Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint be complete in itself without reference to any prior pleading. As a general rule, an Amended Complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

1967). Once an Amended Complaint is filed, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. The Amended Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the appropriate case number, and be an original signed under penalty of perjury.

**E. ORDER**

The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;
2. The Complaint is DISMISSED with leave to amend. WITHIN THIRTY (30) days from the date of service of this order, Plaintiff SHALL:
   a. File an Amended Complaint curing the deficiencies identified by the Court in this Order, or
   b. Notify the Court in writing that he does not wish to file an Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case. See, Fed.R.Civ.P. 41(a)(1).

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated: November 6, 2006** **/s/ Lawrence J. O'Neill**
b9ed48 UNITED STATES MAGISTRATE JUDGE