# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH J. GOMEZ, | 1:04-cv-06687-OWW-GSA (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| WOODFORD, et. al., | (Doc. 1 & 11) |
| Defendants. | |

**I.  SCREENING ORDER**

    Ralph J. Gomez ("Plaintiff") is a state prisoner proceeding pro se.  The Court granted Plaintiff's motion to proceed in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his original complaint on December 13, 2004.  (Doc. 1.)  Plaintiff filed his first amended complaint on December 6, 2006.  (Doc. 11.)  Plaintiff's first amended complaint is presently before the Court for screening.

    **A.  Screening Requirement**

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

1  that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.
2  § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been
3  paid, the court shall dismiss the case at any time if the court determines that . . . the action or
4  appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §
5  1915(e)(2)(B)(ii).
6      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
7  which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in
8  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,
9  467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.
10 Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
11 complaint under this standard, the court must accept as true the allegations of the complaint in
12 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
13 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
14 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
15      **B.    Summary of Plaintiff's Amended Complaint**
16      Plaintiff is currently a state prisoner at California State Prison in Los Angeles County.
17 Plaintiff was formerly imprisoned at North Kern State Prison in Delano, California, where the
18 acts he complains of occurred.  Plaintiff names defendants: Director of the Department of
19 Corrections Jeanne Woodford; Warden Lea Ann Chrones; Deputy Warden Brad Espinosa; and
20 Captain K. Holland.
21      Plaintiff alleges that: on May 1, 2004, Plaintiff was arrested for suspicion of attempting to
22 smuggle a controlled substance into prison; Plaintiff was taken to "contraband watch," a special
23 holding cell designed for inmates suspected of having contraband within their bodies; Plaintiff
24 stripped to his boxers, was placed in waist and leg chains, and told to defecate into a plastic bag
25 three times; the contraband watch cell was filthy and cold; Plaintiff was not allowed to wash his
26 hands while he was in contraband watch; Plaintiff was not allowed to leave contraband watch
27 until after he had produced three fecal samples, fifty-one hours later; no contraband was found;
28 Plaintiff while restrained became extremely uncomfortable and began to suffer pain; after release

from contraband watch, Plaintiff was moved to administrative segregation and remained there for five and one-half months; while in administrative segregation, Plaintiff attempted to send a letter to the California Inspector General regarding the conditions of the prison's contraband watch; the letter was returned as refused; Captain K. Holland was the responsible party for interfering with its delivery because she knew Plaintiff was going to file suit in federal court; Captain Holland was the administrative officer in charge of placing Plaintiff in contraband watch.  Plaintiff seeks injunctive relief, as well as monetary damages.

### C. Pleading Requirements

#### 1. *Federal Rule of Civil Procedure 8(a)*

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Id. at 514.  "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'"  Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.

3

1982)).

### 2. *Federal Rule of Civil Procedure 18(a)*

"The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff is advised that if he chooses to file an amended complaint, and fails to comply with Rule 18(a), the Court will count all frivolous/noncognizable unrelated claims that are dismissed therein as strikes such that he may be barred from filing in forma pauperis in the future.

### 3. *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that

4

1 causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff names Deputy Warden Espinosa as the person typically in charge of putting inmates into contraband watch. Plaintiff however states that Captain Holland was the administrative officer in charge on the day Plaintiff was placed into contraband watch. Plaintiff has not linked Deputy Warden Espinosa with any act or omission that has demonstrated a violation of Plaintiff's federal rights. If Plaintiff intends to pursue claims against Deputy Warden Espinosa, he must appropriately clarify how he is responsible for any given violation(s) of Plaintiff's constitutional rights.

### D.  Claims for Relief

#### 1. *Conditions of Confinement - Contraband Watch*

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth

Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837-45.  Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk.  Id. at 844-45.  Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton.  Id. at 835; Frost, 152 F.3d at 1128.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ."  Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency."  Id. at 8 (quotations and citations omitted).  "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim."  Id. at 9 (citation omitted).  With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation."  Id. (quotations and citations omitted).

The Ninth Circuit has recognized that prisoners retain a limited right to bodily privacy grounded in the Fourth Amendment.  Michenfelder v. Sumner, 860 F.2d 328, 333 (9th Cir. 1988).  However, limitations on the exercise of a prisoner's constitutional rights arise both from the fact of incarceration and from valid penological objectives.  Id. at 331 (citing O'Lone v. Estate of Shabazz, 482 U.S. 342 (1987)).  Although prison officials may conduct reasonable body searches of prisoners, the Eighth Amendment protects inmates from repetitive and harassing searches.  Hudson v. Palmer, 468 U.S. 517, 530 (1984).

Plaintiff alleges that the conditions in contraband watch are unsanitary.  Plaintiff however does not allege sufficient facts that Defendants lacked cause or engaged in repetitive or harassing searches of Plaintiff.  Plaintiff thus has failed to assert a cognizable claim against Defendants.

### 2. *First Amendment - Outgoing Mail*

Prisoners have a First Amendment right to send and receive mail. Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995). However, the right is not absolute and may be infringed upon by prison officials under certain circumstances. Id. A prison may adopt regulations or practices which impinge on a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests." See Turner v. Safley, 482 U.S. 78, 89 (1987). Censorship of outgoing prisoner mail is justified if the following criteria are met: (1) the regulation furthers "an important or substantial government interest unrelated to the suppression of expression" and (2) "the limitation on First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved." Procunier v. Martinez, 416 U.S. 396, 413 (1974) (overturned in part by Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989), only as test relates to incoming mail - Turner applies to incoming mail).

Plaintiff alleges that Defendant Holland interfered with Plaintiff's sending of a letter to the California Inspector General regarding the contraband watch conditions. Plaintiff however fails to allege sufficient facts that indicate Defendant Holland was directly responsible for this interference. Plaintiff's allegation that Holland was responsible because she knew Plaintiff was going to file suit in federal court is not sufficient. Plaintiff has thus failed to allege sufficient facts to support a claim.

### 3. *Supervisory Liability*

Plaintiff named Defendants Woodford, Espinosa, Chrones, and Holland, all of whom hold supervisorial positions. Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory

7

liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts indicating that any Defendants personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen, 885 F.2d at 646. Plaintiff has thus failed to state a cognizable claim.

## II. CONCLUSION

For the reasons set forth above, Plaintiff's first amended complaint is dismissed, with leave to file a second amended complaint within thirty days. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

Plaintiff must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is reminded that Fed.R.Civ.P. 18(a) provides that "'[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as

independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

      Plaintiff is advised that the Court should not serve as a repository for the parties' evidence. Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) should not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court). At this point, the submission of evidence is premature as Plaintiff is only required to state a prima facie claim for relief. Thus, in amending his complaint, Plaintiff should simply state the facts upon which he alleges a defendant has violated his constitutional rights and refrain from submitting exhibits.

      Finally, Plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

      Based on the foregoing, it is HEREBY ORDERED that:

    1.    Plaintiff's first amended complaint is dismissed, with leave to amend;

    2.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

    3.    Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order;

and

4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **September 30, 2008**            /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE